In re FIRST TEXAS HOMES, INC.
and Randall Van Wolfswinkel,
Relators.

No. 02–0876.

Supreme Court of Texas.

Nov. 14, 2003.

John D. Sloan Jr., Brett Dosher Lamb, Dallas, for Relator First Texas Homes, Inc.

Melanie Irene Kemp, Dallas, for Relator Randel Van Wolfswinkel.

Thomas Daniel Bowers, Dallas, for April Greene.

Royce B. West, Dallaas, for Cornell Greene.

PER CURIAM.

The parties to a home construction contract agreed to arbitrate "[a]ll disputes" between them under the Federal Arbitration Act.[1] The trial court ordered some but not all of the homeowners' claims to arbitration. We conclude that all of the claims asserted must be arbitrated and therefore conditionally grant mandamus relief.

April and Cornell Greene contracted to purchase a home to be built by First Texas

---

1. 9 U.S.C. §§ 1–16.

Homes, Inc. The contract includes the following arbitration clause:

All disputes between [First Texas] and [the Greenes] shall be submitted to binding arbitration governed by the procedures of the Federal Arbitration Act.... As used herein, the term "dispute" shall mean all claims, demands, disputes, controversies, and differences that may arise between the parties to this Contract of whatever kind or nature, including without limitation, disputes: (1) as to events, representations, or omissions which pre-date this Agreement; (2) arising out of this Agreement or other action performed or to be performed by the Seller or the Buyer pursuant to this contract; (3) as to repairs arising under the terms of this Contract; and/or (4) as to the cost to repair or replace any defect covered by this Contract.

Nevertheless, the Greenes sued First Texas for failing to construct the house properly and to fix defects. The Greenes sued for breach of contract, breach of warranty, fraud, negligence, violations of the Texas Deceptive Trade Practices Act,[2] violations of the Texas Fair Housing Act,[3] violations of the federal Fair Housing Act,[4] and intentional infliction of emotional distress. As violations of the state and federal fair housing acts, the Greenes alleged that First Texas discriminated against them because of their race, using "various derogatory names in referring to [the Greenes] such as 'hostile', 'rude', and 'demanding' and various racial epithets, including referring to [the Greenes] as 'these people' and 'you people'." As intentional infliction of emotional distress, the Greenes alleged that First Texas had "harassed, belittled, demeaned, and discriminated against" them, speaking to them "in a discriminato-

ry and purposefully demeaning manner utilizing various racial slurs in front of other people, and telling various third parties that [the Greenes] were 'crazy and making it all up.' "

First Texas moved to compel arbitration pursuant to the Federal Arbitration Act. The trial court ordered the parties to mediation twice, neither of which was successful, and held five hearings on whether to compel arbitration. At last, the trial court granted the motion for

all pleaded claims except for the portions of Plaintiffs' claims for violation of the Federal Fair Housing Act, violation of the Texas Fair Housing Act and Intentional Infliction of Emotional Distress that are based upon acts of omissions occurring after the agreement in question was signed.

In its order, the trial court specifically found:

- "the arbitration clause in question is valid and enforceable and is governed by the Federal Arbitration Act";

- "the arbitration clause was not procured by fraud nor is it otherwise unconscionable"; and,

- "the Plaintiffs' claims against Randall Van Wolfswinkel [president of First Texas], in his individual capacity, are subject to the arbitration clause."

First Texas petitioned the court of appeals for mandamus relief directing the trial court to order all of the Greenes' claims to arbitration. The court of appeals denied the petition without explanation in an unpublished opinion, and First Texas then petitioned this Court for mandamus relief. The Greenes have not sought mandamus relief, either in this Court or the court of appeals, from that portion of the

---

**2.** TEX. BUS. & COM.CODE §§ 17.41–.63.

**3.** TEX. PROP.CODE §§ 301.001–.171.

**4.** 42 U.S.C. §§ 3601–3619.

trial court's order stating findings and compelling arbitration of most of their claims. On the contrary, the Greenes state in their brief that "the order and judgement of the trial court should be in all things affirmed."

 First Texas argues that the Greenes' alleged violations of the state and federal fair housing acts and their allegations of intentional infliction of emotional distress are all well within the very broad arbitration clause in the parties' agreement. We agree. Whether claims are arbitrable under the Federal Arbitration Act must be determined under federal law.[5] We are obliged to resolve any doubts about this issue in favor of arbitration.[6] In *Prudential Securities Inc. v. Marshall,* two stockbrokers sued their former employer, alleging that it had made defamatory statements about them after terminating their employment.[7] We held that these claims fell within the parties' employment agreement to arbitrate "any dispute, claim or controversy that may arise between [them]". In the present case, the parties' agreement to arbitrate "[a]ll disputes between [them]" is equally broad, and the Greenes have offered no reason why "all" does not mean all. The agreement specifies disputes "arising out of this Agreement or other action performed ... by [First Texas]". The Greenes' claims of discriminatory and derogatory conduct by First Texas are all directly related to First Texas's construction of their home and refusal to fix alleged defects. Also, the arbitration clause is not limited to conduct occurring prior to execution of the contract.

**5.** *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex.1995) (per curiam).

**6.** *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473

The Greenes present other arguments suggesting their dissatisfaction that any of their claims must be arbitrated, but they do not petition this Court for affirmative relief and ask that the trial court's order "be in all things affirmed." We therefore need not address these other arguments.

Accordingly, we grant First Texas's petition for mandamus and without hearing oral argument,[8] direct that the trial court vacate its June 14, 2002 order and issue an order compelling arbitration of all of the Greenes' claims. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), and *Prudential,* 909 S.W.2d at 899).

**7.** 909 S.W.2d at 897.

**8.** Tex.R.App. P. 58.2(c).