**Reverse and Render; Remand and Opinion Filed February 17, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00219-CV

### ATHAS HEALTH, LLC D/B/A NORTH AMERICAN SPINE, Appellant
### V.
### MELODY TREVITHICK, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL TREVITHICK, DECEASED AND DAMON TREVITHICK AND SEDRIC TREVITHICK, INDIVIDUALLY, Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-06184**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

In this interlocutory appeal, Athas Health, LLC d/b/a North American Spine ("Athas") challenges the trial court's denial of two motions to compel arbitration. Athas contends the trial court was required to compel arbitration under either of two different arbitration agreements and the appellees presented no valid defense to justify a denial of the motions. We conclude the trial court erred in refusing to grant Athas's second motion to compel arbitration. Accordingly, we reverse the trial court's order denying the motion, render judgment that all claims and defenses pleaded in this action proceed in arbitration, and remand the cause for further proceedings consistent with this opinion.

Paul Trevithick, a Minnesota resident, had a history of back pain requiring surgical intervention. In March 2014, Trevithick contacted Athas through its website and requested information about its spinal procedures. According to appellees, Trevithick completed detailed paperwork and requested Athas perform an MRI review. Athas informed Trevithick that, after it received his most recent MRI and a completed pain symptom questionnaire, it would have a medical review team look at his file and develop a treatment plan.

After Athas reviewed the information provided by Trevithick, an Athas representative discussed options with him. Trevithick chose to have a procedure done in Dallas because he had family and friends in the area. Ultimately, Trevithick had a discectomy with neural decompression performed by Dr. Kelly Will, an anesthesiologist and pain management physician. Several days after the procedure, Trevithick reported to Athas that he was pleased with the results.

Within a few months, however, Trevithick reported that he was having issues with pain again. He submitted a new MRI to Athas for review along with x-rays Athas requested. Athas reviewed the new information and scheduled Trevithick for a second discectomy with neural decompression with Dr. Will. During the procedure, Dr. Will punctured Trevithick's dura and used an epidermal blood patch to repair the tear. Three hours after the procedure, Trevithick was discharged.

Six days later, Trevithick was admitted to a hospital in Minnesota suffering from a severe headache and vomiting. A spinal tap showed an infection in Trevithick's spinal fluid. Trevithick was diagnosed with meningitis, meningoencephalitis, intercranial bleeds, herniation, and sepsis. Trevithick died one week after he was admitted. The cause of death was identified as Group B Strep Meningitis.

Appellees brought this suit alleging health care liability claims against Dr. Will and Athas. Two months after filing its answer, Athas filed its first motion to compel arbitration. Athas based the motion on a "user agreement" containing an arbitration clause that it contended Trevithick accepted by checking a box labeled "I accept the Privacy Policy and User Agreement" on Athas's website. The trial court denied the motion and Athas filed an interlocutory appeal.

Athas then filed a second motion to compel arbitration based on both the user agreement and an arbitration clause in a financial agreement Trevithick submitted to Athas concerning payment for the medical services he received. Trevithick sent the financial agreement to Athas along with his consent for diagnosis and treatment and his assignment of medical benefits. The arbitration provision in the financial agreement stated the following:

> DISPUTE RESOLUTION/ARBITRATION BETWEEN YOU AND ATHAS: It is the policy of the State of Texas and the United States to encourage the peaceable resolution of disputes through alternative dispute resolution procedures. You hereby agree that any controversy or claim or matters in question between you and Athas including, but not limited to, any matter arising out of or relating to the services Athas provided to you in relation to the medical treatment by Practice and/or any other medical providers [sic]. This agreement to arbitrate shall include, but shall not be limited to, (a) this financial agreement, and any amendments thereto, (b) any breach thereof, (c) any alleged fraud, misrepresentations or breach of warranties, express or implied, (d) violations of the Texas Deceptive Trade Practices-Consumer Protection Act (or similar Deceptive Trade Practices Act originating from another state), and/or (e) any other cause of action relating to or arising out of the services provided by Athas, or its affiliates, relating to your medical treatment, (herein referred to collectively as a "Dispute"). A Dispute shall be submitted to binding arbitration through the American Arbitration Association ("AAA") in Dallas, Texas pursuant to Title 9 of the United States Code, which you acknowledge and agree applies to the transaction involved herein. Any arbitration shall be a single proceeding between you, and any person making claims against Athas through you, and Athas. Athas does not consent to class arbitration. Any award rendered in any such arbitration proceeding shall be final and binding, and judgment upon any such award may be entered in any court having jurisdiction. If any party to this Contract files a proceeding in any court to resolve any such controversy, dispute, or claim, such action shall not constitute a waiver of the right of such party or a bar to the right of any other party to seek arbitration of that or any other claim, dispute, or controversy, and the court shall upon motion of any party to the proceeding, direct that such controversy, dispute or claim be arbitrated in accordance herewith. ARBITRATION WILL BE BINDING AGAINST BOTH PARTIES.

After a hearing, the trial court denied Athas's second motion. Athas then filed another interlocutory appeal challenging the trial court's second order. We consolidated the two appeals.

In its first issue on appeal, Athas contends the trial court was required to compel arbitration of appellees' claims under either the arbitration clause in the user agreement or the arbitration clause in the financial agreement. We first address whether arbitration was required by the arbitration clause in the financial agreement.

We review an order denying a motion to compel arbitration under an abuse of discretion standard. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642-43 (Tex. 2009). Under that standard, we defer to the trial court's factual determinations if they are supported by the evidence, but we review its legal determinations de novo. *Id*. at 643. Whether an arbitration agreement is enforceable is subject to de novo review. *Id*. Whether the scope of an arbitration agreement encompasses the claims in dispute is also a question of law we review de novo. *See Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96,102 (Tex. App.—San Antonio 2016, no pet.).

The arbitration clause at issue states the parties agree that Title 9 of the United States Code (the Federal Arbitration Act) applies to the transactions involved in the agreement, and the parties do not dispute that the FAA applies in this case. "A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration clause, and (2) the claims in dispute fall within that agreement's scope." *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). Under the FAA, ordinary principles of state contract law determine whether the agreement to arbitrate is valid. *Id*. at 224. Athas contends Trevithick accepted the arbitration provision when he electronically signed the financial agreement and submitted it to Athas. Athas further contends the clause is broad enough to cover all the allegations against it. Neither side contends the agreement is ambiguous.

–4–

Appellees acknowledge that Trevithick's electronic signature appears on the financial agreement and they have not asserted fraud, deceit, or misrepresentation was involved in his signing of the agreement. *See In re Palm Harbor Homes*, 195 S.W.3d 672, 676 (Tex. 2006). Appellees argue, however, that Athas is not a party to the agreement and there is no evidence Trevithick entered into the agreement for Athas's benefit. Accordingly, appellees contend Athas is not entitled to enforce the arbitration provision. The question of who can compel arbitration under an arbitration clause is a question of whether a valid arbitration provision exists between specific parties and is a gateway matter for the court to decide. *Id.*

At the top of the financial agreement, the document identifies in bold print Red River Spine as the medical practice and Dr. Will as the physician for Trevithick's surgery. Based on this, appellees contend the agreement was only between Trevithick, Red River Spine, and Dr. Will. The financial agreement does not define or otherwise limit the parties to the agreement as being only Trevithick, Red River Spine, and Dr. Will, however. Trevithick is the only party whose signature was required by the document. The financial agreement was sent to Trevithick by Athas along with other documents for him to sign. After signing the agreement, Trevithick returned it to Athas electronically. The arbitration provision, which takes up a large section of the financial agreement's first page and is entirely in bold print, specifically states that it is solely between Trevithick and Athas. The content of the contract, and the circumstances surrounding its execution, indicate that Athas was as much a party to the contract as Red River Spine and Dr. Will and the agreement to arbitrate was solely between Trevithick and Athas.

Even if Athas is not a party to the financial agreement, it can enforce the arbitration provision as a third party beneficiary. *See id.* at 677. We ascertain the intentions of the parties to a contract by examining the contract's express language. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). Where it is clear from terms of

the contract that the agreement to arbitrate was entered into for the benefit of non-signatories, those non-signatory parties may compel arbitration. *See id*.; *Rubiola*, 334 S.W.3d at 225–26; *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008). In this case, the language of the contract clearly indicates that the arbitration agreement was intended to benefit Athas as it was the only entity identified in the clause with whom Trevithick agreed to arbitrate. Because the terms of the agreement clearly indicate Trevithick could be required to arbitrate with Athas, Athas may compel arbitration. *See Sherer*, 548 F.3d at 382.

Having determined Athas may enforce the arbitration clause at issue, we must now decide whether appellees' claims fall within the agreement's scope. Arbitration of disputes is strongly favored under Texas law and we employ a presumption in favor of arbitration. *See Rubiola*, 334 S.W.3d at 225; *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). This presumption is particularly applicable when the arbitration clause is broad. *See Ascendant Anesthesia PLLC v. Abazi*, 348 S.W.3d 454, 459 (Tex. App.—Dallas 2011, no pet.). Where the clause is broad, in the absence of any express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. *Id*. An order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause cannot be interpreted to cover the asserted dispute. *Id*.

To determine whether a claim falls within the scope of an arbitration clause, we focus on the factual allegations of the complaint, rather than the legal causes of action asserted. *See Rubiola*, 334 S.W.3d at 225. When the contract contains a broadly written arbitration clause, so long as the allegations touch matters, have a significant relationship with, or are inextricably enmeshed or factually intertwined with the contract, the claim will be arbitrable. *See AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 195 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

–6–

The factual allegations made against Athas in appellees' petition are that Athas misread Trevithick's MRI and workup, failed to send Trevithick to an orthopedic surgeon or neurosurgeon, failed to send Trevithick to a qualified physician, and failed to devise an appropriate treatment plan and plan of care. Appellees also asserted that Athas was responsible for the actions of Dr. Will through the doctrine of respondeat superior. The allegations against Dr. Will included failing to perform only those surgeries for which he was qualified and properly trained, incorrectly reading Trevithick's MRI, referring Trevithick for inappropriate surgical procedures, performing unnecessary surgical procedures, failing to obtain "timely MR studies," failing to take proper steps to prevent tearing Trevithick's dura, failing to properly repair the dural tear, and failing to admit Trevithick to an appropriate health care facility following the dural tear.

The arbitration provision states, among other things, that "[t]his agreement to arbitrate shall include, but shall not be limited to, . . . (e) any other cause of action relating to or arising out of the services provided by Athas, or its affiliates, relating to your medical treatment." All of the factual allegations made by appellees concern actions taken and services provided by Athas or its alleged affiliates relating to Trevithick's medical treatment. As such, the allegations fall squarely within the scope of the arbitration clause.

Appellees contend the scope of the arbitration clause is limited by language in the "Billing and Payment" section of the contract which deals with how payments are made for the medical services provided. The third paragraph of this section states that Red River Spine "is contracted with Athas Health, LLC ("Athas") which provides certain administrative services to you on behalf of the Practice. Athas provides an on-line bill viewing and payment service on its website." Appellees argue this language identifies the services provided by Athas that are

subject to the arbitration agreement and limits the claims that may be arbitrated to only those relating to billing or payment. Nothing in the language of the contract supports this argument.

Although the billing and payment section of the contract identifies some administrative services provided by Athas, the section does not, as appellees argue, purport to define the scope of Athas's services for purposes of the arbitration provision or for any other purpose. The contract merely informs Trevithick that Athas provides billing services on behalf of Red River Spine, but does not negate the fact that Athas also provided other services to Trevithick on its own behalf, including reviewing his MRI and referring him to Dr. Will. Trevithick was clearly aware at the time he signed the financial agreement covering his medical care that Athas had provided these other services to him as the evidence shows he communicated directly with Athas about the review of his MRI and his treatment plan. The language of the arbitration clause is broad enough to cover all services provided by Athas and it is not limited by a billing provision that does not mention arbitration and does not expressly or impliedly affect the scope of the arbitration provision.

The financial agreement, along with the other documents submitted simultaneously by Trevithick, all concern or relate to the medical treatment Trevithick sought to obtain through Athas. The arbitration provision specifically states the parties agreed to arbitrate all claims between the parties arising out of services Athas provided to Trevithick relating to his medical treatment. The language relied on by appellees in the billing and payment section of the financial agreement falls far short of forceful evidence of a purpose to exclude health care liability claims from the broad arbitration provision specifically covering claims relating to medical treatment. *See Abazi*, 348 S.W.3d at 459. We conclude Athas established a valid arbitration clause and the claims in dispute fall within that agreement's scope.

Because Athas met its burden to show the arbitration agreement's validity and scope, the burden shifted to appellees to raise an affirmative defense to the agreement's enforcement. *See Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014). Appellees asserted below that Athas waived its right to compel arbitration by substantially invoking the judicial process to their detriment.[1] Where, as here, the relevant facts are undisputed, whether a party has waived its right to arbitrate is a question of law. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 510 (Tex. 2015). The party asserting waiver bears a heavy burden of proof to show the party seeking arbitration has waived its arbitration right. *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). A presumption exists against waiver of the contractual right to arbitrate. *See Marshall*, 909 S.W.2d at 898. Whether waiver has occurred depends on the totality of the circumstances and an analysis of numerous factors including whether the party asserting the right to arbitrate was plaintiff or defendant in the lawsuit, how long the party waited before seeking arbitration, the reasons for any delay in seeking to arbitrate, how much discovery and other pretrial activity the party seeking to arbitrate conducted before seeking arbitration, whether the party seeking to arbitrate requested the court to dispose of claims on the merits, whether the party seeking to arbitrate asserted affirmative claims for relief in court, the amount of time and expense the parties have expended in litigation, and whether the discovery conducted would be unavailable or useful in arbitration. *See RSL*, 499 S.W.3d at 430. Generally, no one factor by itself is dispositive. *Id*.

In this case, Athas moved to compel arbitration less than 60 days after it filed its original answer. Although a hearing was conducted on the motion within a few weeks after it was filed, the trial court did not deny the motion for another five months. During the time period the

---

[1] Appellees asserted other affirmative defenses below, but all argument as to those defenses was specific to the arbitration provision in the user agreement, not the financial agreement.

parties were waiting for the trial court's ruling, appellees filed multiple motions to compel discovery. Athas eventually moved to stay the case pending resolution of the arbitration motion. The trial court denied both Athas's motion to compel arbitration and the motion to stay proceedings on the same day.

One week after the trial court issued its order denying the first motion to arbitrate, Athas filed its second motion to compel arbitration. Athas also filed an interlocutory appeal of the order denying the first motion to arbitrate and a motion to stay proceedings pending resolution of the second motion to arbitrate. In response to Athas's motion to stay, the trial court stayed all discovery as to Athas and stayed oral depositions as to all parties pending its ruling on the second motion. Eventually, the trial court denied Athas's second motion and also denied Athas's request to stay all proceedings pending an appeal of the orders denying arbitration. Athas then filed its second interlocutory appeal.

The record shows that the only affirmative action taken by Athas, other than seeking to compel arbitration and stay proceedings, was a challenge to the sufficiency of the expert report filed by appellees in support of their health care liability claims. This challenge was filed twenty-one days after Athas filed its original answer. But a challenge to an expert report in a health care liability case must be filed within twenty-one days of the date the defendant files an answer or the objections are waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2016). Asserting a matter that would otherwise be forfeited does not waive a party's right to seek arbitration. *See RSL*, 499 S.W.3d at 431.

The only prejudice asserted by appellees below was that certain discovery costs would be duplicated if they were forced to arbitrate. The record demonstrates, however, that discovery progressed in the trial court at the urging of appellees, not Athas. Accordingly, any prejudice is of their own making. The record further demonstrates that Athas consistently and timely sought

to invoke its contractual rights to arbitration and to prevent unnecessary expenditures while the arbitration matter was being resolved. We conclude, therefore, they have not waived their right to arbitration. *See Marshall*, 909 S.W.2d at 898.

Based on the forgoing, we conclude the trial court abused its discretion in denying Athas's second motion to compel arbitration. Given this conclusion, we need not address the other issues raised by Athas. We reverse the trial court's order and render judgment that all claims and defenses pleaded in this action proceed in arbitration. We remand the case to the trial court for further proceedings consistent with this opinion.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

160219F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ATHAS HEALTH, LLC D/B/A NORTH AMERICAN SPINE, Appellant

No. 05-16-00219-CV          V.

MELODY TREVITHICK, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL TREVITHICK, DECEASED AND DAMON TREVITHICK AND SEDRIC TREVITHICK, INDIVIDUALLY, Appellees

On Appeal from the 68th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-06184.
Opinion delivered by Justice Francis.
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, the order of the trial court denying ATHAS HEALTH, LLC D/B/A NORTH AMERICAN SPINE's second motion to compel arbitration is **REVERSED** and judgment is **RENDERED** that all claims and defenses pleaded in this action proceed in arbitration. We **REMAND** the case to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant ATHAS HEALTH, LLC D/B/A NORTH AMERICAN SPINE recover its costs of this appeal from appellees MELODY TREVITHICK, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL TREVITHICK, DECEASED AND DAMON TREVITHICK AND SEDRIC TREVITHICK, INDIVIDUALLY.

Judgment entered February 17, 2017.