

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00848-CV

**IN THE INTEREST OF S.P. AND H.P.**, Children

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-00618
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Beth Watkins, Justice
               Lori I. Valenzuela, Justice
               Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 9, 2023

REVERSED AND REMANDED WITH INSTRUCTIONS

The issue in this interlocutory appeal is whether the trial court abused its discretion in denying appellant's motion to compel arbitration. Concluding arbitration is warranted here, we reverse and remand the cause to the trial court with instructions to render an order compelling arbitration.

### BACKGROUND

S.P. (born 2010) and H.P. (born 2012) are the minor children of appellant-father M.P. and appellee-mother J.J.[2] On April 10, 2013, the trial court entered a final decree of divorce terminating

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Retired) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

[2] To protect the privacy of the minor children, we use initials to refer to the children and their parents. TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

M.P. and J.J.'s marriage. The final decree contained alternative dispute resolution language, including in relevant part:

> It is agreed that before setting any hearing or initiating discovery in a suit for modification of the terms and conditions of conservatorship, possession, or support of the children, except in an emergency, the parties shall mediate the controversy in good faith. This requirement does not apply to actions brought to enforce this Final Decree of Divorce or to enforce any subsequent modifications of this decree. It is agreed that the party wishing to modify the terms and conditions of conservatorship, possession, or support of the children shall give written notice to the other party of a desire to mediate the controversy. If, within ten days after receipt of the written notice, the parties cannot agree on a mediator or the other party does not agree to attend mediation or fails to attend a scheduled mediation of the controversy, the party desiring modification shall be released from the obligation to mediate and shall be free to file suit for modification.

> The parties agree that any claim or controversy arising out of this Final Decree of Divorce that cannot be settled by direct negotiations or mediation will be submitted to binding arbitration with WAYNE URBANOWSKI as provided in chapter 171 of the Texas Civil Practice and Remedies Code. The arbitrator, WAYNE URBANOWSKI, is hereby selected by mutual agreement. The cost of arbitration will be paid 50 percent by husband and 50 percent by wife.

Over the course of many months starting in the fall of 2021, M.P. sought to negotiate, mediate, and, if unsuccessful, arbitrate certain custody issues. On July 21, 2022, counsel for J.J. sent an email to counsel for M.P. stating their position that modifications need not be arbitrated. After further attempts to negotiate or mediate failed, on August 1, 2022, M.P. emailed a demand for arbitration to Wayne Urbanowski.

On October 13, 2022, J.J. filed a petition to modify the parent-child relationship. The petition sought to: (1) deny M.P. access to the children or, alternatively, render a possession order providing M.P.'s periods of visitation be continuously supervised and deny M.P. periods of overnight possession; (2) grant J.J. exclusive right to consent to medical, dental, and surgical

treatment involving invasive procedures; and (3) grant J.J. the exclusive right to consent to psychiatric and psychological treatment of the children.

On November 8, 2022, appellant filed a motion to compel arbitration. On December 5, 2022, the trial court entered an order denying appellant's motion to compel arbitration. This appeal follows.

## ARBITRATION OF MODIFICATION PROCEEDING

In his sole issue on appeal, M.P. argues the trial court erred in denying his motion to compel arbitration because J.J. expressly agreed to arbitrate "any claim or controversy arising out of" the final decree.

A party seeking to compel arbitration must establish two elements: (1) the existence of a valid arbitration agreement and (2) that the disputed claims fall within the scope of that agreement. *Wagner v. Apache Corp.*, 627 S.W.3d 277, 284 (Tex. 2021); *see also* TEX. CIV. PRAC. & REM. CODE § 171.021. The parties do not dispute the existence of a valid arbitration agreement in the final decree. However, J.J. asserts the arbitration provision specifically carves out (1) emergencies and (2) modification suits.

A dispute over whether parties agreed to resolve their controversies through arbitration— typically referred to as "arbitrability"—typically encompasses three distinct disagreements: (1) the merits of the underlying controversy; (2) whether the merits must be resolved through arbitration instead of in the courts; and (3) who (a court or the arbitrator) decides the second question. *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 701 (Tex. 2023). "The second question must be answered before the first, but the third must be answered before the second." *Id.* Therefore, we begin with the third question.

***Should a court or arbitrator decide arbitrability of J.J.'s modification proceeding?***

Where, as here, "the parties did *not* agree to submit the arbitrability question itself to arbitration, then the court should decide that question. . . ." *Id.* at 702 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)) (emphasis in original). Because the final decree does not delegate the issue of arbitrability to the arbitrator, we hold the proper forum for resolving arbitrability under the subject arbitration provision is the courts. And because the merits are not at issue in this interlocutory appeal, the only question remaining before us is the second: the appropriate forum for resolving the merits.

***Does J.J.'s modification proceeding fall within the scope of the arbitration provision?***

*Standard of Review*

Because M.P. established the existence of a valid arbitration agreement, "a 'strong presumption favoring arbitration arises' and we resolve doubts as to the agreement's scope in favor of arbitration." *Wagner*, 627 S.W.3d at 284 (quoting *Rachal v. Reitz*, 403 S.W.3d 840, 850 (Tex. 2013)). "The presumption in favor of arbitration is so compelling that a court should not deny arbitration *unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (quoting *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995)) (emphasis in original) (internal quotations omitted). Whether J.J.'s modification claims fall within the scope of a valid arbitration agreement is a question of law we review de novo. *Id.*

*Analysis*

J.J.'s modification petition sought to: (1) deny M.P. access to the children or, alternatively, render a possession order providing M.P.'s periods of visitation be continuously supervised and deny M.P. periods of overnight possession; (2) grant J.J. exclusive right to consent to medical,

dental, and surgical treatment involving invasive procedures; and (3) grant J.J. the exclusive right to consent to psychiatric and psychological treatment of the children.

M.P. asserts J.J.'s petition to modify the terms and conditions of conservatorship, possession and support of the children—as set forth in the final decree—constitutes a claim or controversy that is significantly related to and factually intertwined with the final decree. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 789 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (determining arbitration of SAPCR issue does not require trial court pre-approval). Therefore, M.P. argues, the modification petition falls within the scope of the arbitration provision.

J.J. responds the language of the arbitration provision carves out emergencies and modification proceedings, and therefore the trial court properly denied M.P.'s motion to compel arbitration. We reject J.J.'s interpretation because it confuses language applicable to the mediation procedure with the arbitration provision proper:

| ADR LANGUAGE | INTERPRETATION |
|---|---|
| It is agreed that before setting any hearing or initiating discovery in a suit for modification of the terms and conditions of conservatorship, possession, or support of the children, except in an emergency, the parties shall mediate the controversy in good faith. | Except in an emergency, parties must **mediate before seeking modification**. |
| This requirement does not apply to actions brought to enforce this Final Decree of Divorce or to enforce any subsequent modifications of this decree. | **Mediation requirement carve-out** for **enforcement** actions. |
| It is agreed that the party wishing to modify the terms and conditions of conservatorship, possession, or support of the children shall give written notice to the other party of a desire to mediate the controversy. | **Written notice** required before **mediation**. |

| ADR LANGUAGE | INTERPRETATION |
|---|---|
| If, within ten days after receipt of the written notice, the parties cannot agree on a mediator or the other party does not agree to attend mediation or fails to attend a scheduled mediation of the controversy, the party desiring modification shall be released from the obligation to mediate and shall be free to file suit for modification. | Releases movant from **mediation** requirement upon stated conditions. |
| The parties agree that any claim or controversy arising out of this Final Decree of Divorce that cannot be settled by direct negotiations or mediation will be submitted to binding arbitration with WAYNE URBANOWSKI as provided in chapter 171 of the Texas Civil Practice and Remedies Code. | **Arbitration provision** requires "any claim or controversy arising out of" final decree to be submitted to arbitration. |
| The arbitrator, WAYNE URBANOWSKI, is hereby selected by mutual agreement. | Selection of agreed arbitrator. |
| The cost of arbitration will be paid 50 percent by husband and 50 percent by wife. | Agreement on costs of arbitration. |

We read the "emergency" exception to exempt the parties from mediation; however, no such exemption applies to the requirement to arbitrate "any claim or controversy arising out of" the final decree.

J.J. further argues that the use of the words "hearing," "discovery," and "suit" necessarily refers to a trial court proceeding rather than an arbitration proceeding. We disagree the mere use of these three words inexorably refers to litigation in court and decline to read their use as implicitly overruling the arbitration provision. Moreover, the express carve-out of the mediation requirement for enforcement actions undercuts J.J.'s assertion that the parties intended to imply an exception through the mere use of these words throughout the alternative dispute resolution provisions; in other words, the four corners of the final decree confirm the parties knew how to expressly draft exceptions to alternative dispute resolution requirements, yet they did not do so with respect to arbitration of modification actions. *See In re D. Wilson Const. Co.*, 196 S.W.3d

774, 782 & n.6 (Tex. 2006) ("If the parties intended for clause 4.5.1.1 to supplant subparagraph 4.5.1, they could have easily drafted language to accomplish exactly that. . . . Clearly, the parties were free to delete and replace language in the General Conditions with language in the Supplementary Conditions, and they had done so elsewhere.").

We cannot say with positive assurance that the broad language requiring arbitration of "any claim or controversy arising out of" the final decree is not susceptible to an interpretation which would cover modification of the terms of final decree. *See Henry*, 551 S.W.3d at 115. Applying the strong presumption favoring arbitration and resolving doubts as to the agreement's scope in favor of arbitration, we hold the modification proceeding falls within the scope of the arbitration provision and sustain M.P.'s sole issue on appeal.[3]

## CONCLUSION

We reverse the trial court's order denying M.P.'s motion to compel arbitration, and we remand the cause to the trial court with instructions to render an order compelling the parties to arbitrate the merits of the modification petition.

Lori I. Valenzuela, Justice

---

[3] In the trial court, J.J. asserted a perfunctory waiver of arbitration by litigation conduct argument. Assuming without deciding the issue was preserved for our review, J.J. abandoned the argument in her brief. Therefore, we need not address waiver.