# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00587-CV

---

**Cielo Property Group, LLC; Robert Dillard, III; and Robert Gandy, IV, Appellants**

**v.**

**Branigan Mulcahy, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-003429, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, appellants Cielo Property Group, LLC, and its principals Robert Dillard, III, and Robert Gandy, IV, challenge a district court's order denying their joint motion to compel arbitration of certain claims arising from the former employment of Branigan Mulcahy by G&A Partners, an entity not party to this suit. We will reverse the order denying the motion to compel arbitration and remand for further proceedings consistent with this opinion.

### BACKGROUND

In 2014, Mulcahy began working jointly for G&A Partners and Cielo Property Group—which G&A refers to as one of its "clients"—as vice president of property acquisitions pursuant to an employment agreement executed by Mulcahy and G&A. Cielo Property Group is not a signatory to the employment agreement but is named as an intended beneficiary of that

contract. As part of Mulcahy's compensation package, G&A and Cielo Property Group granted Mulcahy an interest in several properties under development through a series of LLC membership agreements. Cielo Property Group, on behalf of itself and G&A, terminated Mulcahy's employment in 2018, citing alleged "failure to perform, insubordination, and abrasiveness" as reasons for the termination. It then apparently revoked Mulcahy's interest in the properties.

Mulcahy sued Cielo Property Group for breach of contract, unjust enrichment, and employment discrimination, seeking to recover unpaid compensation and the property interests he had acquired in certain developments. He sued Dillard and Gandy for breach of fiduciary duty. The defendants responded with a general answer and a motion to compel arbitration, arguing that all Mulcahy's claims are subject to the arbitration clause in Mulcahy's employment agreement with G&A Partners. Mulcahy disagreed, arguing that only G&A executed that employment agreement and therefore that his claims are not subject to its arbitration clause.

The district court held a hearing, requested additional briefing, and then denied the motion to compel. After filing two unsuccessful requests for reconsideration of the issue, the defendants timely perfected this appeal. *See* Tex. R. App. P. 28.1.

## DISCUSSION

In a single issue, appellants contend the district court erred by denying their motion to compel. A party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and that the asserted claims fall within the agreement's scope. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). The party seeking arbitration has the

2

initial burden to present evidence of an arbitration agreement. *Id.* Once the existence of an arbitration agreement has been established, a presumption attaches favoring arbitration. *Id.* The burden then shifts to the opposing party to establish an affirmative defense or to show that the dispute falls outside the scope of the agreement. *Id.* "Courts should not deny arbitration 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding) (per curiam) (quoting *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990)). We construe a contract's unambiguous language as a matter of law. *Garg v. Pham*, 485 S.W.3d 91, 102 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We review the disposition of a motion to compel arbitration for an abuse of discretion. *Natgasoline LLC v. Refractory Constr. Servs., Co.*, 566 S.W.3d 871, 884 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). A court abuses its discretion when it acts without regard for governing legal principles. *Id*.

**Claims Against Cielo Property Group**

In relevant part, the arbitration clause in the employment agreement provides:

> To the fullest extent permitted by law, ***all disputes between you and G&A or between you and all Clients to which you are assigned*** shall be submitted to binding arbitration pursuant to the Federal Arbitration Act and the American Arbitration Association's National Rules for the Resolution of Employment dispute.[1]

"All" is a maximally inclusive term. It denotes the inclusion of every possible element of a given set and to prevent the exclusion of any one of those elements. *See* William of Sherwood,

---

[1] (Emphasis added.).

*Treatise on Syncategorematic Words* 17 (N. Kretzmann trans., University of Minnesota Press 1968) ("It must be known that 'every' or 'all' signifies universality." (translated from Latin)). As the Supreme Court of Texas describes it, "all" denotes "'the whole number, quantity, or amount' or 'the whole of.'" *RSUI Indem. Co. v. Lynd Co.*, 466 S.W.3d 113, 124 (Tex. 2015) (quoting *Merriam-Webster's Dictionary and Thesaurus* 23 (2014)); *see also Henry*, 501 S.W.3d at 115 (discussing expansive nature of "all disputes"); *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 439 & n.47 (Tex. 2017) (describing the "necessarily" broad scope of the phrase "any dispute"). Thus, given the parties' stipulation that Cielo Property Group is a "Client[] to which [Mulcahy was] assigned," the employment agreement requires arbitration of Mulcahy's claims against Cielo Property Group.

Mulcahy disagrees, raising a host of arguments to avoid the otherwise straightforward consequence of this unambiguous language. He first contends the employment agreement and its arbitration clause are void for lack of consideration on G&A's part. Lack of consideration occurs when the alleged contract fails to impose obligations on both parties. *See City of The Colony v. North Tex. Mun. Water Dist.*, 272 S.W.3d 699, 733 (Tex. App.—Fort Worth 2008, pet. dism'd). The employment agreement imposes dozens of obligations on G&A that inure to Mulcahy's benefit. Mulcahy appears to argue that these obligations cannot serve as G&A's consideration because the obligations were in fact undertaken and satisfied by Cielo Property Group. But a challenge to the adequacy of consideration is evaluated by reference to the contract's inception—not its execution. *See id.* (differentiating between lack of and failure of consideration). And regardless, ensuring that "clients" like Cielo Property Group would fulfill some of G&A's contractual responsibilities is one of the obligations G&A undertook through the contract.

4

Mulcahy next argues that, as a third-party non-signatory, Cielo Property Group cannot avail itself of the arbitration clause in the employment agreement. He emphasizes language elsewhere in the employment agreement that indicates, "This agreement relates only to your employment with G&A." But "under certain circumstances a party to an arbitration agreement may be compelled to arbitrate claims with a nonparty . . . ." *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex. 2006) (citing *In re Vesta Ins.*, 192 S.W.3d 759, 761 (Tex. 2006) (per curiam)). These circumstances are generally satisfied "if the parties to the contract intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit" and "the controversy arises from a contract containing an arbitration clause." *See id.* at 677–78. Here, the employment agreement expressly provides, "You are co-employed by G&A Partners and Client *to perform services for Client.*"[2] It continues, "Clients will be co-employers *and third[-]party beneficiaries of this Agreement.*"[3] That status as third-party beneficiary is borne out by this record. Because it is clear that the parties to the employment agreement intended to confer a benefit upon Cielo Property Group and entered into that contract to that end, *Vesta Ins.*, 192 S.W.3d at 761, Cielo Property Group is bound by the arbitration clause.

Finally, there is no genuine dispute that each of Mulcahy's claims against Cielo Property Group arises from the employment agreement. Mulcahy argues that the clause does not appear in the LLC membership agreements that conferred the property rights underlying one of his claims of breach of contract and that this claim therefore does not fall within the scope of the arbitration clause. But the arbitration clause applies to "all disputes" between Mulcahy and

---

[2] (Emphasis added.).
[3] (Emphasis added.).

5

G&A or Cielo Property Group. Moreover, Mulcahy's property interest, if any, only exists as part of the compensation afforded by the employment agreement and incorporated by reference in that contract. That agreement imbues G&A with sole and exclusive authority over wages and "any other kind of compensation," which G&A effected through its relationship with Cielo Property Group. Thus, the circumstances reflected in this record allow Cielo Property Group to enforce the clause and compel Mulcahy to arbitrate all claims against it. *Palm Harbor Homes*, 195 S.W.3d at 677–78; *Marshall*, 909 S.W.2d at 899.

**Claims Against Dillard and Gandy**

For essentially the same reasons, Mulcahy's claims against Dillard and Gandy are also subject to the arbitration clause. "Texas law favors the joint resolution of multiple claims to prevent multiple determinations of the same matter." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271 (Tex. 1992); *Marshall*, 909 S.W.2d at 900. A court must submit the ancillary causes to arbitration if they are factually intertwined with the arbitrable causes. *Marshall*, 909 S.W.2d at 900. To determine whether claims are factually intertwined, "we focus on the factual allegations [in] the complaint, rather than the legal causes of action asserted." *Id*. Here, Mulcahy alleges, "Defendants Dillard and Gandy breached their fiduciary duties of loyalty and utmost good faith, self-dealing, and fair and honest dealing when they caused Cielo Property Group to terminate Plaintiff in order to acquire more ownership interests in viable property deals for themselves." In other words, his claim of breach of fiduciary duty is predicated on the same factual allegations underlying his claim of breach of contract against the LLC. The claims against Dillard and Gandy must therefore be resolved alongside the claims against Cielo Property Group through arbitration.

6

After reviewing the record, we conclude all of Mulcahy's claims in this action must be arbitrated and the district court should have granted the motion to compel arbitration. The court acted without regard for governing legal principles when in concluding otherwise. *See Natgasoline*, 566 S.W.3d at 884. We therefore sustain appellants' sole issue on appeal.

## CONCLUSION

Having concluded that the district court abused its discretion by denying the motion to compel arbitration, we reverse that order and remand for further proceedings consistent with this opinion. *See* Tex. Civ. Prac. & Rem. Code § 171.025(a); Tex. R. App. P. 43.2(d).

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Reversed and Remanded

Filed: July 11, 2019

7