In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00062-CV**
_____

**LATOSHA DIGGLES, Appellant**

**V.**

**TEXAS FARMERS INSURANCE COMPANY AND
LINDSAY, LINDSAY & PARSONS, Appellees**

---

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-203,884**

---

## MEMORANDUM OPINION

In this accelerated interlocutory appeal, Appellant Latosha Diggles appeals the trial court's order denying her Motion to Dismiss Under the Texas Citizen's Protection Act ("TCPA"). We affirm.

In the underlying lawsuit, Appellant Latosha Diggles brought a claim against defendant Texas Farmers Insurance Company[1] ("Texas Farmers") alleging that the

---

[1] Texas Farmers Insurance Company is not a party to this appeal.

insurance company denied her claim relating to water damage that resulted from a broken pipe at Diggles' property. Lindsay, Lindsay & Parsons ("the Intervenor"), a law firm, filed a Plea in Intervention and First Amended Plea in Intervention. The Intervenor asserted a breach of contract claim against Diggles, alleged that the law firm had done substantial work for Diggles in her lawsuit against Texas Farmers before Diggles sought new counsel, and asserted that it was entitled to fees and expenses in prosecuting the case.

Diggles filed a Plea to the Jurisdiction in response to the Intervention asking the trial court to "sign[] an order requiring the case between Intervenor[] and Plaintiff be sent to arbitration" because the purported contract between Diggles and the Intervenors included an arbitration clause. The Intervenor then filed a Request for Injunction and Temporary Restraining Order and Supplemental Intervention for Damages for Defamation and Slander. The Intervenor alleged that Diggles had filed grievances alleging professional misconduct, had sent harassing emails, and had made false claims of fraud, criminality, and racism. The Intervenor requested a TRO and temporary injunction enjoining Diggles from communicating disparaging information about the Intervenor. The Intervenor also requested sanctions against Diggles, alleging she had threatened violence. On January 15, 2021, the trial court ordered "that Intervenor's Defamation/Slander lawsuit shall proceed to arbitration along with the Intervenor's Breach of Contract claims."

Thereafter, Diggles filed a Motion to Dismiss Under the Texas Citizens Protection Act and Request for Sanctions in the trial court pertaining to the Intervention. Diggles argued that the Intervenor's claims for slander, defamation, and breach of contract were based on, related to, or in response to her exercise of free speech and right to petition and that the Intervenor's actions were a matter of public concern because they were "predatory to consumers and harmful to the community[.]" She also argued that the Intervenor sought to join the underlying lawsuit "in an effort to thwart [Diggles's] right to petition." Diggles asked the trial court to dismiss the Intervenor's claims, award her attorney's fees, and sanction the Intervenor.

In response, the Intervenor argued as follows:

Contrary to Plaintiff's motion and claims, Intervenor has no "active pleadings" before this Court. All of Intervenor's Injunctive relief was denied by this Court prior to the filing of Plaintiff's Motion. All of Intervenor's causes of action were sent to arbitration prior to the filing of this Motion. Thus, Intervenor has no "active pleadings" before this Court. As such, Plaintiff has no attorney fees in this Court that were reasonable or necessary to defend against Intervenor's lawsuit. If the Court does grant any credence to Plaintiff's Motion, then the proper remedy would be to send that case to arbitration as well.

. . .

[] Plaintiff filed a motion to dismiss Intervenor's suit . . . after successfully arguing that this Court has no jurisdiction and that Intervenor's suit should be sent to arbitration. As the Court has no jurisdiction, this Court cannot dismiss. Intervenor has no live pleadings before this Court to dismiss.

3

The trial court entered an order that stated:

> IT IS ORDERED THAT:
> Plaintiff['s] Plea to the Jurisdiction is moot, as it has already been GRANTED.
> Plaintiff's Motion to Dismiss is DENIED as, due to Plaintiff's previously filed and granted Plea to the Jurisdiction, the Court no longer has jurisdiction.
> Plaintiff's Motion for Additional Findings is DENIED as, due to Plaintiff's previously filed and granted Plea to Jurisdiction, the Court no longer has jurisdiction.
> Plaintiff's Request for Sanctions is DENIED. . . .

The trial court also entered an order stating that issues relating to the validity of the Intervenor's attorney lien shall be determined in arbitration, and it allowed motions, discovery, and depositions relating to Diggles's claims against Texas Farmers to proceed. Diggles filed a Notice of Appeal, expressly stating that she was appealing the trial court's denial of her motion to dismiss under the TCPA and denying her request for sanctions.

Applicable Law and Analysis

Appellant's brief argues that the trial court abused its discretion by denying her motion to dismiss under the TCPA because of

> . . . the Court's mistaken belief that the Court granted Appellant's previously filed Plea to the Jurisdiction which the Court only partially granted, because . . . "the Court reserve[d] the authority to enter temporary restraining orders or to grant injunctive relief" language in the January 15, 2021 Order.

4

In addition, Appellant argues that the TCPA applies and that the Intervenor's pleadings in the underlying action were intended "to thwart [Appellant's] right to petition."

When a case is compelled to arbitration in Texas state courts, the case is typically stayed pending arbitration rather than dismissed. *See CMH Homes v. Perez*, 340 S.W.3d 444, 450 n.4 (Tex. 2011). Indeed, the Texas Arbitration Act states that "[a]n order compelling arbitration must include a stay" of the underlying litigation. *In re Gulf Expl., LLC*, 289 S.W.3d 836, 841 (Tex. 2009) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 171.021(c)).

> During arbitration, a court order may be needed to replace an arbitrator, compel attendance of witnesses, or direct arbitrators to proceed promptly; after arbitration, a court order is needed to confirm, modify, or vacate the arbitration award. Consequently, dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed.

*Id.* at 841 (citations omitted); *see also CMH Homes*, 340 S.W.3d at 450 n.4.

Section 171.086 states that the trial court may render certain orders prior to the commencement of arbitration or while arbitration is pending. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.086(a).

> For example, a party may file an application for a court order to effect service of process, *id.*, § 171.086(a)(1), to invoke in rem jurisdiction over an ancillary proceeding, *id.*, § 171.086(a)(2), to restrain or enjoin the destruction of the subject matter of the controversy, or evidence needed for the arbitration, *id.*, § 171.086(a)(3), or to obtain an order for a deposition for discovery, for perpetuation of testimony, or for

5

evidence needed before the arbitration proceedings begin. *Id.*, § 171.086(a)(4).

*In re W. Dairy Transp., L.L.C.*, 574 S.W.3d 537, 546 (Tex. App.—El Paso 2019, orig. proceeding). Retaining certain jurisdiction over the case permits the trial court to take any action necessary to facilitate the completion of arbitration. *Natgasoline LLC v. Refractory Constr. Servs., Co. LLC*, 566 S.W.3d 871, 879 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see also In re Gulf Expl., LLC*, 289 S.W.3d at 841 ("During arbitration, a court order may be needed to replace an arbitrator, compel attendance of witnesses, or direct arbitrators to proceed promptly[.]").

"Intervenor's Defamation/Slander lawsuit [] along with the Intervenor's Breach of Contract claims[]" against the Appellant had been referred to arbitration when Appellant filed her motion to dismiss under the TCPA. Generally, the Civil Practice and Remedies Code provides for interlocutory appeal of an order that denies a motion to dismiss filed under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). However, section 171.086 does not provide that a trial court may enter an order ruling on the merits of the underlying lawsuit while the proceedings are stayed pending arbitration. *See id.* § 171.086. "'[A] judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.'" *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74-75 (Tex. 2000) (quoting Restatement (Second) of Judgments § 11 (1982)). In this case, the trial court lacked the authority to enter an order dismissing the lawsuit. *See*

6

*id.*; *see also CMH Homes*, 340 S.W.3d at 450 n.4; *In re Gulf Expl., LLC*, 289 S.W.3d at 841.

According to Appellant, when the trial court ordered the defamation and breach of contract claims to arbitration, it expressly "reserve[d] the authority to enter temporary restraining orders or to grant injunctive relief." However, Appellant's motion to dismiss under the TCPA sought dismissal, sanctions, and attorney's fees and not a temporary restraining order or injunctive relief. Therefore, the relief requested by Appellant's motion to dismiss under the TCPA was not one of the actions a trial court may take under section 171.086, and the trial court did not err in denying Appellant's motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.086; *In re Gulf Expl., LLC*, 289 S.W.3d at 841.

We overrule Appellant's issue, and we affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on August 6, 2021
Opinion Delivered August 26, 2021

Before Golemon, C.J., Horton and Johnson, JJ.